United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

D-2 Nassif Sami Daher,

    Defendant.

_____/

Hon. Nancy G. Edmunds

Case No. 18-20559-02

# Plea Agreement

The United States of America and the defendant, Nassif Sami Daher, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1. Count of Conviction**

The defendant will plead guilty to Count 1 of the Information. Count 1 charges the defendant with misprision of felony, under 18 U.S.C. § 4.

**2. Statutory Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to three (3) years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to three (3) years |

**3. Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the Indictment against the defendant in this case, specifically Counts 8, 10, 13 and 14.

**4. Elements of the Count of Conviction**

The elements of Count 1 are:

(a) That a federal felony was committed, as charged in Counts 1 to 14 of the Indictment in this case;

(b) The defendant had knowledge of the commission of that felony;

(c) The defendant failed to notify an authority as soon as possible. An "authority" includes a federal judge, or some other federal, civil or military authority, such as a federal grand jury or federal agent; and

(d) The defendant did an affirmative act, as charged, to conceal the crime, specifically he made an untruthful statement to a Special Agent of the Department of

          Agriculture, Office of Inspector General, in order to conceal the crime.

**5.**     **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

From about August 2016 through May 2017, in the Eastern District of Michigan, while employed at S&R Petro, a convenience store located in Detroit, which was an authorized participant in the Supplemental Nutrition Assistance Program [SNAP] (formerly the Food Stamp Program), DAHER participated, as an employee, in a scheme devised by Kamal Rammal to defraud that program and to obtain money from the United States Department of Agriculture through program fraud.

The scheme to defraud the USDA SNAP program involved Rammal (and employees, like DAHER, of Rammal's Detroit, Michigan convenience store, S&R Petro) knowingly and willfully purchasing SNAP benefits from authorized beneficiaries for a fraction of their value, and processing those transactions to appear to be purchases of

eligible food items, a scheme to defraud commonly known as "discounting." DAHER was one of Rammal's employees (a cashier) at S&R Petro who knowingly made "discounting" purchases at Rammal's direction as part of his employment.

Each time SNAP benefits were purchased from authorized beneficiaries, and each time SNAP benefits were used to pay for ineligible items at S&R Petro, a wire transmission was sent from Michigan to locations outside the state of Michigan, including Austin, Texas, for the purpose of processing the apparently legitimate transactions by an authorized SNAP retailer.

DAHER admits that he had knowledge of Rammal's wire fraud activities, and that he failed to notify a Department of Agriculture, Office of Inspector General (USDA OIG) Special Agent as soon as possible and took an affirmative step to conceal Rammal's wire fraud on June 1, 2017 by intentionally lying to a USDA OIG Special Agent about Rammal's known wire fraud activities (during execution of a search warrant at S&R Petro's Detroit, Michigan location on June 1, 2017).

**6.     Advice of Rights**

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.   The right to confront and cross-examine adverse witnesses at trial;

F.   The right to testify or not to testify at trial, whichever the defendant chooses;

G.   If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

    H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

    I.    The right to compel the attendance of witnesses at trial.

**7.    Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

**8.   Defendant's Guideline Range**

   **A.   Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

   **B.   Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also agree under Federal Rule of Criminal Procedure 11(c)(1)(C) that the following guideline provisions apply:

    i. 2X4.1(a) – base offense level – 6 levels (*i.e.*, 9 levels lower that the offense level for the underlying offense)

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.  Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations/agreements in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.  Imposition of Sentence

### A.  Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.  Imprisonment

#### 1.  Agreement

Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that a probationary sentence of 24 months' probation is the

appropriate disposition of this case.

### 2. Limited Right to Withdraw

If the Court rejects the agreement by deciding to impose a custodial sentence of imprisonment on Count 1 and/or a probationary sentence higher than permitted by paragraph 9.B.1, the defendant will be permitted to withdraw his guilty plea. That is the only reason the defendant may withdraw his guilty plea. If the defendant decides not to withdraw his guilty plea in those circumstances, the defendant agrees that the Court may impose a sentence on Count 1 higher than permitted by paragraph 9.B.1 and that all other provisions in this agreement will remain in effect.

The government has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. The parties agree that the victim and the full amount of restitution in this case, as it related to Defendant Daher, are as follows: $2,000 to the U.S. Department of Agriculture.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant

agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant is sentenced to a term of probation, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 11. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to

challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**12. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**13. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal

Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**15. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea

agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

### 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5 PM on July 30, 2021. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Saima S. Mohsin
Acting United States Attorney

_____
Michael Martin
Chief, National Security Unit
Assistant United States Attorney

_____
Douglas C. Salzenstein
Assistant United States Attorney

Dated: 6/22/2021

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and

representation.

_____  
Amir Makled  
Attorney for Defendant

Dated: 9/1/2021

_____  
Nassif Sami Daher  
Defendant